## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| SKY PETROLEUM, INC., <br><br> Plaintiff, <br><br> v. <br><br> MINISTRY OF ECONOMY, TRADE, AND ENERGY OF ALBANIA; NATIONAL AGENCY OF NATURAL RESOURCES OF ALBANIA, <br><br> Defendants. | Civil No.: |

## ORIGINAL COMPLAINT

Plaintiff Sky Petroleum, Inc. ("Sky Petroleum") brings this complaint for declaratory and injunctive relief against Defendants Ministry of Economy, Trade, and Energy of Albania, acting by and through the National Agency of Natural Resources of Albania (collectively "AKBN" or "Defendants"). This is an action for declaratory and injunctive relief under the Foreign Sovereign Immunities Act and the Albanian Bilateral Investment Treaty to preserve the status quo ante between the Parties pending mandatory, contractual arbitration under the Rules of the United Nations Commission on International Trade Law ("UNCITRAL").

## I.
## PARTIES

1.     Plaintiff Sky Petroleum, Inc. is a United States corporation organized under the laws of Nevada, with its principal place of business in Austin, Texas.

2.     Defendant Ministry of Economy, Trade, and Energy of Albania (METE"), acting by and through the National Agency of Natural Resources of Albania ("AKBN") is a political

subdivision of the Republic of Albania, which may be served pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608, by personally delivering or sending by facsimile a copy of this Complaint to AKBN at Bulevardi "Bajram Curri," Biloku "Vasil Shanto," Tirana, Albania. *See* Production Sharing Contract for the Exploration, Development and Production of Petroleum In Onshore Albania BLOCKS "4, 5 and DUMRE" between Ministry of Economy Trade and Energy of Albania (acting by and through the National Agency of Natural Resources (AKBN) and Sky Petroleum Inc. (hereinafter "PSC") between the Parties, attached hereto as **Exhibit A**, at Section 10.2 ("All matters and notices which are left in writing at the office of the Party concerned or which are received by such Party when delivered personally or sent by facsimile transmission at its main office in Albania shall be deemed to be validly served."); *see also Int'l Road Fed'n v. Embassy of the Dem. Rep. of Congo*, 31 F. Supp. 2d 248, 251 (D.D.C. 2001) (allowing service under FSIA in accordance with contract provisions specifying method of providing notice).

3.      Defendant National Agency of Natural Resources of Albania ("AKBN") is a political subdivision of the Republic of Albania, which may be served pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. § 1608, by personally delivering or sending by facsimile a copy of this Complaint to AKBN at Bulevardi "Bajram Curri," Biloku "Vasil Shanto," Tirana, Albania.

## II.
## JURISDICTION AND VENUE

4.      Jurisdiction is conferred upon this Court pursuant to the Foreign Sovereign Immunities Act, 28 U.S.C. §§ 1330, 1603, and 1605, and the United States-Albania Bilateral Investment Treaty, S. Treaty Doc. 104-19 (1998).

5.      Venue is proper in the Western District of Texas pursuant 28 U.S.C. § 1330, because substantial part of the events or omissions giving rise to the claim occurred in the district.

### III.
### NATURE OF CASE

6.      The government of Albania is wrongfully terminating Sky Petroleum's contractual right to drill for petrochemicals in Albania.  The Parties contract, the PSC, requires the dispute to be resolved through an UNCITRAL arbitration.  The government of Albania, however, is refusing to recognize its obligation to arbitrate.  Rather, Defendants have announced their intention to sell or grant those rights to a third party, causing immediate and irreparable harm to Sky Petroleum's interests.

7.      The UNCITRAL Rules do not provide for emergency relief before the arbitral tribunal is formed.  Also, the Albanian courts are not in session during the New Year holiday and will not be in session until January 16, 2011.  Plaintiff Sky Petroleum therefore seeks declaratory and injunctive relief to preserve the status quo ante pending a duly-noticed arbitration proceeding between itself and Defendants.  Sky Petroleum seeks through this action: (1) a declaration that Sky Petroleum is entitled to arbitrate the dispute; and (2) an enforceable order from this court to prevent Defendants from misappropriating Sky Petroleum's contract rights pending arbitration.

### IV.
### FACTUAL BACKGROUND

8.      Sky Petroleum is an Austin-based emerging oil and gas company investing in international exploration and development activities in the Republic of Albania.

9.      Under Albanian law, all natural resources, including minerals and hydrocarbons, in the Republic of Albania are the property of the state.  The Republic of Albania has authorized

AKBN to carry out all petroleum operations in Albania, including exploration, development, and production.  AKBN customarily contracts with private corporations to execute petroleum operations.

10.    On June 24, 2010, the Production Sharing Contract ("PSC") was signed between Sky Petroleum and AKBN.  Under the PSC, Sky Petroleum was granted the exclusive right to explore, develop and produce petroleum in Block 4 Onshore Albania, Block 5 Onshore Albania, and Dumre Block Onshore Albania, ("the Contract Area").  The PSC was subsequently approved by the Council of Ministers of the Republic of Albania and became effective on December 17, 2010.

11.    Pursuant to the PSC, Sky Petroleum performed its contractual duties to date and has also paid the expenses associated with exploring, developing, and purchasing petroleum from the Contract Area.  Sky Petroleum would recover its expenses under the PSC's cost recovery provisions, and then Sky Petroleum and AKBN would share the revenue generated from the Contract Area calculated in accordance with the terms of Article 7 of the PSC.

12.    Under Article 21 of the PSC, any dispute, difference, claim or difference of opinion is to be settled by binding arbitration under United Nations Commission on International Trade Law ("UNCITRAL") Rules.

13.    On November 4, 2011, AKBN delivered to Sky Petroleum at its Austin office a letter dated 21 October, 2011, purporting to be a Notice of Termination under Article 24 of the PSC, with termination to be effective on 19 November 2011. The Notice was in Albanian and with no English translation provided.

14.    In its Notice of Termination, AKBN alleges that Sky Petroleum breached the PSC by: (a) failing to commence the Minimal Work Program within three months of the Effective

Date; (b) failing to provide a Bank Guarantee within 90 days of the Effective Date; (c) failing to open an office in Albania; and (d) failing to establish an Exploration Advisory Committee within 30 days of the PSC's Effective Date.  All of these claims are false[1] and are brought as an improper excuse to sell off Sky Petroleum's contractual rights.  As set forth more fully in its Notice of Arbitration, attached hereto as **Exhibit B**, Sky Petroleum has fully complied with its contractual obligations under the PSC, including those breaches alleged by AKBN in its Notice of Termination.

15.    Further, the Notice of Termination served by AKBN failed to comply with the provisions of Article 24 of the PSC, in that AKBN: (a) failed to provide Sky Petroleum six months to rectify the alleged non-compliance before terminating the PSC; and (2) failed to provide Sky Petroleum 120 days notice of its intent to terminate the PSC owing to an alleged material and unremedied breach of the PSC.

16.    On December 23, 2011, Sky Petroleum served its formal Notice of Arbitration on AKBN and METE.[2]  *See* Notice of Arbitration, attached hereto as **Exhibit B**.

17.    Pursuant to its duties under the PSC, Sky Petroleum has nominated Jeffrey Gruder QC of Essex Court Chambers, 24 Lincoln's Inn Fields, London WC2A 3EG, United Kingdom as

---

[1] Sky Petroleum has initiated arbitration proceedings pursuant to the Parties' Agreement and is prepared to let an arbitral tribunal decide the dispute.

[2] Before serving its Notice of Arbitration, Sky Petroleum attempted to meet with AKBN and resolve the issue. During these meetings, it became evident that a formal dispute resolution mechanism would become necessary.  For example:
- On November 11, 2011, Sky Petroleum's Karim Jobanputra wrote to Besjan Pesha at AKBN, disputing the Notice of Termination and serving formal notice of a dispute under Article XXI of the PSC.
- On November 24, 2011, AKBN announced on its website the termination of the PSC with effect from 19 November 2011.  According to the English version of the announcement, "Sky Petroleum has been notified by AKBN, that starting from 19.11.2011 the Albania blocks '4, 5 and Dumre' are considered as free."
- On December 6, 2011 Sky Petroleum provided AKBN with a copy of the draft Notice of Arbitration. Shortly thereafter, on December 19, 2011, Sky Petroleum CEO Tobias Gandorf met with Besjan Pesca of AKBN in Tirana.    At that meeting, Pesca informed Gandorf that AKBN had received three

its appointed arbitrator to the three member panel.  AKBN now has 30 days to nominate its arbitrator to the panel.  If AKBN neglects to nominate its arbitrator, Sky Petroleum will be forced to request that the International Court of Arbitration ("ICC") nominate an arbitrator for AKBN, causing a considerable delay to the appointment process.  After the ICC selects an arbitrator for AKBN, the two selected arbitrators will then choose a third arbitrator to preside over the panel.  The process to form the arbitration panel could take up to 3-4 months after the Notice of Arbitration is served if AKBN refuses to nominate its arbitrator.  As of the date of this filing, AKBN has not responded to the Notice of Arbitration and has not named its arbitrator.

18.     Based on AKBN's official statements to Sky Petroleum, AKBN will have contracted with a third-party and expropriated Sky Petroleum's exclusive right to explore, develop and produce petroleum in the Contract Area before the arbitration panel appointed to hear this dispute has been formed.  Sky Petroleum also has no recourse in the Albanian courts because they will not be in session until January 16, 2012.  Sky Petroleum therefore asks this Court to preserve the status quo until the proper arbitral authority can decide this dispute, including whether the Albanian government has the right to auction off the contractual rights that properly belong to Sky Petroleum.

## V.

## CAUSES OF ACTION

### Count 1.  Declaratory Judgment

19.     Sky Petroleum realleges and incorporates the foregoing paragraphs herein by reference.

---

applications for Blocks 4, 5 and Dumre.  Pesca further advised that AKBN would make a final decision on the bids by late January 2012.

20.     The PSC provides that the current dispute between the Parties "shall be finally and conclusively settled by arbitration in accordance with the UNCITRAL Arbitration Rules." *See* PSC, **Exhibit A** at Article 21.1. Sky Petroleum has filed a Notice of Arbitration pursuant to the PSC.

21.     The subject matter of the dispute described herein is covered by the PSC and the grievances are arbitrable under the language of the PSC.

22.     Plaintiff Sky Petroleum therefore respectfully requests that this Court declare that the Parties must arbitrate the afore-described dispute, pursuant to Article 21 of the PSC.

**Count 2.  Injunction and Interim Measures to Preserve the Status Quo Pending Arbitration**

23.     Sky Petroleum realleges and incorporates the foregoing paragraphs herein by reference.

24.     The Parties' dispute is governed by an enforceable arbitration agreement.

25.     Sky Petroleum has filed a Notice of Arbitration, but: (1) Defendants have not yet responded to the Notice; and (2) an arbitration panel has not yet been formed.

26.     Despite the pending arbitration, AKBN has announced that it is negotiating with third-parties to assume Sky Petroleum's duties under the PSC and destroy Sky Petroleum's exclusive right to explore, develop and produce petroleum in the Contract Area.  Based on AKBN's statements to Sky Petroleum, AKBN plans to expropriate Sky Petroleum's rights under the PSC and to sign new contracts with a third-party by the end of January, 2012.

27.     In order to conduct a meaningful arbitration, the status quo must be preserved pending a final determination.

28.     Sky Petroleum therefore seeks a preliminary and thereafter permanent injunction requiring Defendants to:

a.      Preserve the status quo and not award any new contracts related to the subject matter of the PSC with any third party, pending arbitration of this dispute and, should Sky Petroleum prevail in such arbitration, permanently; and

b.      Take no further actions to undermine or subvert the arbitration process.

29.     As more fully described in Sky Petroleum's Expedited Motion for Temporary Restraining Order and Preliminary Injunction filed contemporaneously herewith, without an injunction, Sky Petroleum has no adequate remedy at law and will suffer an irreparable injury. Sky Petroleum also has a substantial likelihood of success on the merits and the balance of hardships to Sky Petroleum outweigh any potential or hypothetical injury to AKBN or METE as a result of the injunctive relief sought.

30.     Finally, the injunctive relief Sky Petroleum seeks would not adversely affect public policy or the public interest.  Sky Petroleum seeks only to enforce its right to arbitrate its dispute with Defendants subject to the PSC.

## VI.
## PRAYER

Sky Petroleum has instituted arbitral proceedings to decide the underlying dispute in accordance with the Parties' Agreement.  The arbitrators will have full authority to act – they may continue this Court's injunction pending final resolution of the dispute, allow Defendants to sell off the concession, or take any other acts that they deem appropriate.  But until the proper arbitral tribunal is constituted and can act, Sky Petroleum prays that this Court preserve the status quo so the dispute can actually be heard before Sky Petroleum's interests are destroyed, making any decision by an arbitral panel moot.

**WHEREFORE**, Sky Petroleum prays the Court:

(1)    Declare that the dispute described herein is subject to the PSC's arbitration provision;

(2)    Enjoin Defendants, and all of their agents, servants, employees, and attorneys, and all other persons in active concert or participation with them who receive actual notice of the injunction, from awarding any new contracts related to the subject matter of the PSC to any third party or otherwise taking action to subvert or undermine the arbitration process; and

(3)    Grant Sky Petroleum such further relief as may be just and proper including its costs associated with this action.

Respectfully submitted,

/s/ Hal Sanders
Hal Sanders
State Bar No.  17607500
hal.sanders@haynesboone.com
Sashe D. Dimitroff
Texas Bar No.  00783970
Sashe.dimitroff@haynesboone.com
Leslie Thorne
State Bar No.  24046974
leslie.thorne@haynesboone.com
Adam Sencenbaugh
Texas Bar No. 24060584
adam.sencenbaugh@haynesboone.com

**HAYNES AND BOONE, L.L.P.**
600 Congress Ave., Suite 1300
Austin, Texas 78701
Telephone:  (512) 867-8489
Telefax:  (512) 867-8606

**ATTORNEYS FOR PLAINTIFF
SKY PETROLEUM, INC.**